UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY R. STARING; JOHN BULGARO;
RONALD G. LUCAS; and STEVEN S. MAZZA,
as Union Tr. of the New York State Teamsters
Conference Pension & Ret. Fund,

       Plaintiffs,
                  5:10-CV-0285
v.                   (GTS/ATB)

TRANSPORT EMPLOYERS ASSOCIATION,
an unincorporated association; ROBERT L.
SCHAEFFER, JR., as Exec. Dir. of the Transp.
Employers Association; JOHN DOE NO. 1,
as President of the Transp. Employers Association;
JOHN DOE NO. 2, as Treasurer of the Transp.
Employers Association; and MICHAEL S. SCALZO, SR.,
as Employer Trustee of the New York State Teamsters
Conference Pension & Ret. Fund,

       Defendants.
_____

APPEARANCES:            OF COUNSEL:

BLITMAN & KING, LLP         BRIAN J. LaCLAIR, ESQ.
 Counsel for Plaintiffs          JAMES R. LaVAUTE, ESQ.
Franklin Center
443 North Franklin Street, Suite 300
Syracuse, NY 13204-1415

MORGAN, LEWIS & BOCKIUS, LLP    CHARLES P. GROPPE, ESQ.
 Counsel for Defendants         DANIEL P. BORDONI, ESQ.
1111 Pennsylvania Avenue N.W.
Washington, DC 20004

BOND, SCHOENECK & KING, PLLC    EDWARD R. CONAN, ESQ.
 Counsel for Defendants
One Lincoln Center
Syracuse, NY 13202-1355

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently pending before the Court is an action for breach of fiduciary duty filed by four union trustees of a union pension and retirement fund ("Plaintiffs") against an employers trade association, three officers of that trade association, and an employer trustee of the union pension and retirement fund ("Defendants"), pursuant to the Employee Retirement Income Security Act ("ERISA"). Pending in that action is Plaintiffs' motion for an Order preliminarily enjoining Defendants, pursuant to Fed. R. Civ. P. 65, from (1) "appointing Trustees who are not employed by a contributing employer," and (2) "demanding and seeking to compel arbitration of an issue that is not subject to arbitration under the trust agreement and federal law." (Dkt. No. 4; *see also* Minutes from Hearing on Mar. 15, 2010.)[1] Defendants have opposed Plaintiffs' motion. (Dkt. No. 10.) A hearing was held on March 15, 2010. (Minute Entry filed Mar. 15, 2010.) At the conclusion of the hearing, the Court reserved decision on Plaintiffs' motion and indicated that a written decision would follow. This is that written decision. For the reasons set forth below, Plaintiffs' motion for a preliminary injunction is denied.

**I.    RELEVANT BACKGROUND**

The following facts appear agreed upon by the parties in their motion papers. (*Compare* Dkt. No. 4 *with* Dkt. No. 10.)

---

[1] Plaintiffs' motion for a Temporary Restraining Order requested similar injunctive relief during the period of time before the issuance of a decision on Plaintiffs' motion for a preliminary injunction. On March 11, 2010, the Court denied this motion based on a lack of a showing of irreparable harm during that brief period of time. (Text Order filed Mar. 11, 2010.)

### A. The Parties' Trust Agreement

On or about January 29, 2001, the parties signed an Agreement and Declaration of Trustee (the "Trust Agreement") regarding a union pension and retirement fund (the "Fund"). In pertinent part, the Trust Agreement contained the following provisions.

Paragraph 11(m) of the Trust Agreement provides that there shall be eight Trustees of the Fund–four Union Trustees and four Employer Trustees–and that the four Employer Trustees must be Contributing Employers.

Paragraph 13 of the Trust Agreement provides as follows: "The provisions of this Agreement and Declaration of Trust may be amended at any time by an instrument in writing executed by one more than a majority of the Trustees; provided, however, that no amendment shall alter the purpose of this Fund to provide pension or retirement benefits to members of the Union covered therefor . . . ."

Paragraph 7 of the Trust Agreement provides as follows: "Whenever a deadlock shall occur between the Employer Trustees and the Union Trustees, the said Trustees shall select an Umpire to resolve such deadlock by majority vote. The function of such Umpire shall be limited solely to the resolution of such deadlock. The decision or award of the Umpire in any such deadlock shall be final and binding upon all of the Trustees."

It should be noted that Section 302(c)(5)(B) of the Labor Management Relations Act ("LMRA") provides as follows: "[I]n the event the employer and employee groups deadlock on the administration of such fund and . . such agreement provides that the two groups shall agree on an impartial umpire to decide such dispute, . . . an impartial umpire to decide such dispute shall, on petition of either group, be appointed by the district court of the United States for the district where the trust fund has its principal office . . . ."

**B.     Events Giving Rise to Current Action**

On or about June 22, 2009, the Transportation Employers Association ("TEA") appointed non-Contributing Employer as one of the four Employer Trustees of the Fund.

On or about July 10, 2009, the Fund terminated two companies as participating employers of Fund (due to their failure to comply with Fund's rules), rendering two of four Employer Trustees no longer Contributing Employers.

In or around September 2009, the sole remaining Employer Trustee that was a Contributing Employer moved for the temporary suspension of Paragraph 11(m) of the Trust Agreement.

On or about October 9, 2009, the Trustees–including the four Union Trustees– adopted amendment that temporarily suspended Paragraph 11(m), and provided that the suspension of Paragraph 11(m) was in effect from June 10, 2009, to February 1, 2010. The amendment further provided that, after February 1, 2010, Paragraph 11(m) was automatically reinstated.

From about October 9, 2009, to about January 11, 2010, neither TEA nor the Employer Trustees appointed Contributing Employer Trustees to replace the three non-Contributing Employer Trustees at issue between the parties.

At a meeting of the Trustees on January 11, 2010, to January 14, 2010, the Employer Trustees moved to amend the Trust Agreement so that the four Employer Trustees need not be Contributing Employers. However, the eight Trustees deadlocked over the vote on the amendment.

At some point between January 14, 2010, and February 1, 2010, the Employer Trustees (through counsel) requested that the four Union Trustees help select an arbitrator; however, the Employer Trustees did not do so.

On or about February 1, 2010, the amendment of October 9, 2010, expired, and three of the four Employer Trustee positions of the Fund became vacant.

At various points between February 1, 2010, to March 3, 2010, the sole remaining Contributing Employer Trustee (through counsel) repeatedly requested that the Union Trustees help select an arbitrator. However, again, the Employer Trustees did not do so. The main stated reason that the four Union Trustees did not help select an arbitrator was that they believed that the matter in question was not arbitrable.

    **C.**    **Current Action**

On March 10, 2010, the Union Trustees filed this action, along with a motion requesting a Temporary Restraining Order and/or Preliminary Injunction. In support of their motion, Plaintiffs argue that a preliminary injunction is warranted because Defendants are about to appoint unqualified trustees and/or force them to arbitrate whether or not the Trust Agreement may be amended to change the qualifications necessary for serving as an Employer Trustee of the Fund. Plaintiffs further argue that either action by Defendants constitutes a breach of their fiduciary duty under Section 404(a) of ERISA.

On March 11, 2010, the Court denied Plaintiffs' motion for a Temporary Restraining Order as unsupported by a showing that they will suffer irreparable harm unless a Temporary Restraining Order is issued. However, the Court ordered an expedited briefing schedule on Plaintiffs' motion for a preliminary injunction.

On March 15, 2010, Defendants filed their papers in opposition to Plaintiffs' motion for a preliminary injunction. Among these opposition papers is the sworn affidavit testimony of the Sole remaining Employer Trustee, and the President of TEA, that they will not proceed with arbitration over this deadlock absent either agreement by the Union Trustees or a Court Order directing the appointment of an arbitrator under Section 302 of the LMRA.

## II.    MOTION FOR PRELIMINARY INJUNCTION

Generally, the issuance of a preliminary injunction pursuant to Fed. R. Civ. P. 65 depends on the movant's demonstration of (1) irreparable harm and (2) either a likelihood of success on the merits, or a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor. *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995). Because the parties have demonstrated in the memoranda of law an adequate understanding of this legal standard, the Court need not, and does not, further elaborate on this legal standard in this Decision and Order, which is intended primarily for the review of the parties.

### A.    Irreparable Harm

Based on the current record, the Court finds no irreparable harm for two reasons.

First, as indicated above in Part I.C. of this Decision and Order, Defendants have sworn to the following facts in affidavits: (1) they "have never made any statement or taken any action to suggest that the Employer Trustees intended to proceed to arbitration unilaterally, or without following the required procedures" (Dkt. No. 10, Attach. 1, at ¶ 10 [Scalzo Affid.]); (2) they "have no intention to proceed with the arbitration over t[he] deadlock [involving whether or not a particular amendment to the Trust Agreement is permissible] absent either agreement by the

Union Trustees or a Court order directing arbitration" (Dkt. No. 10, Attach. 1, at ¶ 11 [Scalzo Affid.]); (3) TEA "has not attempted to appoint new Employer Trustees" (Dkt. No. 10, Attach. 2, at ¶ 8 [Smith Affid.]); (4) "TEA does not intend to make any decisions regarding the appointment of Employer Trustees until the deadlock is resolved, provided it is resolved in a timely manner and before any negative impact on fund administration" (Dkt. No. 10, Attach. 2, at ¶ 8 [Smith Affid.]); and (5) "TEA has not attempted, nor does it intend, to fill the current Employer Trustee vacancies in a manner that is inconsistent with the Trust Agreement (Dkt. No. 10, Attach. 2, at ¶ 9 [Smith Affid.]).  Because Defendants have sworn that they have not taken any action, and will not take any action, to try to appoint non-qualified Employer Trustees and/or force the Union Trustees to arbitrate the deadlock, the Court finds that there is no irreparable harm.

Second, Plaintiffs have failed to demonstrate that the status quo will not be maintained in the absence of an injunction.  At the hearing, Plaintiffs' attorney stated, in sum and substance, that, in the absence of four appointed Employer Trustees, it will be difficult, if not impossible, for the Fund to address issues relating to the Rehabilitation Act, which must be resolved.  As an initial matter, an attorney's proffer is not evidence.  Furthermore, it is unclear (1) precisely what Rehabilitation Act issues counsel is referencing, and (2) why the five current Trustees are unable to take action on those issues.[2]  In any event, and more importantly, Plaintiffs have failed to show that the absence of the requested injunction (i.e., an Order enjoining Defendants from appointing non-Contributing Employer Trustees) will cause, or is causing, the Board to lack

---

[2] The Court notes further that Section 6(e) of the Trust Agreement provides that "[d]ecisions of the Trustees shall be made by the concurring vote of one more than a majority of the Trustees present at any meeting." (Dkt. No. 4, Attach. 2, at ¶ 6[e] [Trust Agreement].)

7

three Contributing Employer Trustees. This is because, even assuming Defendants were enjoined from appointing three non-Contributing Employer Trustees, Defendants might well still refrain from appointing three Contributing Employer Trustees (especially given that they expect that two former non-Contributing Employer Trustees will be converted to Employer Trustees in January of 2011). Plaintiffs' argument would be stronger if they were requesting an injunction that is affirmative or mandatory in nature, i.e., an Order directing Defendants to appoint three Contributing Employer Trustees (at least temporarily); however, the Court does not read Plaintiffs' current motion as requesting that relief.

    **B.**    **Likelihood of Success on the Merits**

Having concluded that Plaintiffs have failed to demonstrate irreparable harm, the Court need not, and does not, decide whether Plaintiffs have demonstrated either (1) a likelihood of success on the merits or (2) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor. However, under the circumstances, the Court finds it is appropriate to make three points regarding arguments raised by the parties.

First, contrary to Defendants' argument at the hearing, it is not entirely clear to the Court, at least at this point in the action, that a deadlock regarding an amendment of Section 11(m) of the Trust Agreement (regarding how Employer Trustee vacancies can be filled) is a matter of Fund "administration" under Section 302(c)(5)(B) of the LMRA. *Compare Singleton v. Abrahamson*, 336 F. Supp. 754, 758 (S.D.N.Y. 1971) ("[T]he issue of amendment [of trust agreement regarding how employer trustee vacancies should be filled] is within the powers of the Trustees and is a deadlock as to Fund Administration.") [citing *Barrett v. Miller*, 276 F.3d

429, 430, n.1 (2d Cir. 1960)], *amended by* 70-CV-2995, 1971 WL 883 (S.D.N.Y. Nov. 11, 1971) *with Adler v. Hughes*, 570 F.2d 303, 305, 307-08 (10th Cir. 1978) (concluding that matters concerning trust amendments, one of which regarded how employer trustee vacancies should be filled, were not arbitrable matters of trust "administration" under LMRA).

Second, while the issue of whether the dispute in question is one of Fund "administration" is material to a party's right to petition the Court for the appointment of an arbitrator under Section 302 of the LMRA, that issue does not appear to the Court to be material to a party's right to petition the Court to enjoin another party from pursuing its contractual right to arbitrate a deadlock regarding an amendment to a trust agreement, under Fed. R. Civ. P. 65 and ERISA. *See Adler*, 570 F.2d at 308-09 (concluding that, while matters concerning trust amendments are not arbitrable, the matter in question was arbitrable because trust agreement stated that umpire may be appointed whenever trustees come to a deadlock on "any question" except those "in connection with the interpretation or enforcement of any bargaining agreement"; and explaining that "[a] court must give a written agreement that interpretation which was intended by the parties").

Third, the fact that there is a deadlock on the issue of amendment does not appear to excuse a defendant from complying with its fiduciary duty, under ERISA, to act in accordance with the terms of the trust agreement. *See* 29 U.S.C. § 1104(a)(1). Here, the terms of the Trust Agreement appear to require Defendants to have in place on the Board, at all times, four Employer Trustees who are employees of Contributing Employers. (*See, e.g.*, Dkt. No. 2, Attach. 2, at ¶¶ 6[a],[b], 11[m] [Trust Agreement].)   In other words, unless and until the Trust Agreement is amended to allow employees of non-Contributing Employers to serve as Employer

9

Trustees, Defendants arguably have a duty to appoint three Contributing Employer Trustees in accordance with the current terms of the Trust Agreement. (*Id.*) Here, setting aside an argument by defense counsel at the hearing that it would have been difficult to bring three new Contributing Employer Trustees up to speed between October 9, 2009, and February 1, 2010, there appears to be little or no evidence in the record regarding why Defendants did not appoint three Contributing Employers during that time period. However, again, because the Court has already decided that Plaintiffs have failed to demonstrate irreparable harm, the Court need not, and does not, render a decision regarding the merits of their claim that Defendants have breached ERISA by "failing to appoint trustees on behalf of employers who contribute to [the] fund." (Dkt. No. 1, ¶¶ 1, 48.)

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion for a preliminary injunction (Dkt. No. 4) is **DENIED**.

Dated: March 24, 2010
Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge