UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY R. STARING; JOHN BULGARO;
RONALD G. LUCAS; and STEVEN S. MAZZA,
as Union Tr. of the New York State Teamsters
Conference Pension & Ret. Fund,

       Plaintiffs,

v.               5:10-CV-0285
                (GTS/ATB)

TRANSPORT EMPLOYERS ASS'N, an unincorp.
ass'n; ROBERT L. SCHAEFFER, JR., as Exec. Dir.
of the Transp. Employers Ass'n; JOHN DOE NO. 1,
as President of the Transp. Employers Ass'n;
JOHN DOE NO. 2, as Treasurer of the Transp.
Employers Ass'n; and MICHAEL S. SCALZO, SR.,
as Employer Tr. of the New York State Teamsters
Conference Pension & Ret. Fund,

       Defendants.
_____

APPEARANCES:          OF COUNSEL:

BLITMAN & KING, LLP        BRIAN J. LaCLAIR, ESQ.
 Counsel for Plaintiffs        JAMES R. LaVAUTE, ESQ.
Franklin Center
443 North Franklin Street, Suite 300
Syracuse, NY 13204-1415

MORGAN, LEWIS & BOCKIUS, LLP   CHARLES P. GROPPE, ESQ.
 Counsel for Defendants       DANIEL P. BORDONI, ESQ.
1111 Pennsylvania Avenue N.W.
Washington, DC 20004

BOND, SCHOENECK & KING, PLLC   EDWARD R. CONAN, ESQ.
 Counsel for Defendants
One Lincoln Center
Syracuse, NY 13202-1355

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this action for breach of fiduciary duty filed by four union trustees of a union pension and retirement fund ("Plaintiffs") against an employers trade association, three officers of that trade association, and an employer trustee of the union pension and retirement fund ("Defendants"), pursuant to the Employee Retirement Income Security Act ("ERISA"), is Plaintiffs' motion for reconsideration of the Court's Decision and Order of May 10, 2010, granting Defendants' motion for the expedited appointment of an arbitrator pursuant to Section 302(c)(5) of the Labor-Management Relations Act ("LMRA"). (Dkt. No. 42.) For the reasons set forth below, Plaintiffs' motion is denied.

## I.     RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for review by the parties, the Court incorporates by reference the factual recitation and procedural history set forth in its Decision and Order of May 10, 2010. (Dkt. No. 37.) The Court would add only that Plaintiffs' motion for reconsideration was filed on May 24, 2010, and opposed by Defendants on May 28, 2010. (Dkt. Nos. 42, 44.)

## II.    RELEVANT LEGAL STANDARD

Generally, a court may justifiably reconsider its previous ruling if "[1] there has been an intervening change in controlling law, [2] there is new evidence, or [3] a need is shown to correct a clear error of law or to prevent manifest injustice." *U.S. v. Sanchez*, 35 F.3d 673, 677 (2d Cir. [citations omitted]), *cert. denied*, 514, U.S. 1038 (1995); *accord*, *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.) [citations omitted], *cert. denied*, 464 U.S. 864 (1983); 18B Wright & Miller, *Federal Practice and Procedure* § 4478, at 670-691 (2d ed. 2002 & Supp. 2009) [citations omitted].

**III.     ANALYSIS**

After carefully considering the legal arguments set forth by Plaintiffs in their memorandum of law, the Court finds those arguments to be without merit for the reasons stated by the Court in its Decision and Order of May 10, 2010, and for the numerous and well-supported reasons set forth by Defendants in their memorandum of law.  (*Compare* Dkt. No. 42, Attach. 1 *with* Dkt. No. 44.)  Again, because this Decision and Order is intended primarily for review by the parties, the Court will not repeat those reasons in this Decision and Order, but merely incorporates those reasons by reference.  (Dkt. Nos. 37, 44.)  The Court would add only three points.

First, even if Plaintiffs were correct in arguing that Defendants may not benefit from the presumption favoring arbitration under the circumstances (an argument by which the Court is not persuaded based on Plaintiffs' briefing of the issue), Defendants nonetheless would, and do, satisfy the standard governing the appointment of an arbitrator under Section 302(c)(5) of the LMRA, because the presumption was merely an alternative basis for the Court's finding that Defendants have satisfied that standard.  (Dkt. No. 37, at 10-11.)

Second, Plaintiffs' request for appellate certification is wholly without merit.  While the Court acknowledged (in its Decision and Order of May 10, 2010) that there appears to be a dearth of case law interpreting the term "administration" under Section 302(c)(5) of the LMRA, the Court went on to reconcile the on-point cases that exist, basing its conclusion on those cases.  (Dkt. No. 37, at 9-11.)  As a result, there is no substantial ground for difference of opinion of which the Court is aware.  (Nor does the Court agree with Plaintiffs that an immediate appeal from the Court's Decision and Order of May 10, 2010, would materially advance the ultimate

termination of the litigation.)

Third, the Court's Decision and Order of May 10, 2010, implied that the Court would retain jurisdiction over the anticipated arbitration award (including a review and enforcement of it), when that Decision and Order appointed the arbitrator (under the Section 302[c][5] LMRA and Paragraph 7 of the parties' Arbitration Agreement) and provided that the stay of the action would be lifted once arbitration was complete. (Dkt. No. 34, at 17-18.) However, to the extent that this retention of jurisdiction was not clear, the Court clarifies that retention of jurisdiction in this Decision and Order. The Court notes that it continues to maintain its stay of the remainder of this action pending receipt of the anticipated award, thus also retaining jurisdiction over Defendants' counterclaims. The Court notes also that, once the parties notify the Court in writing that arbitration is complete, they are to file with the Court the written decision or report that has been issued by the arbitrator.

For all of these reasons, Plaintiffs' motion for reconsideration is denied.

**ACCORDINGLY** it is

**ORDERED** that Plaintiffs' motion for reconsideration (Dkt. No. 42) is **DENIED**; and it is further

**ORDERED** that the stay on arbitration, imposed in the Court's Text Order of May 25, 2010, is **LIFTED**.

Dated: June 8, 2010
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge